CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 03 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| JAMMIE RAY DICKENS, SR., | ) | CASE NO. 7:13CV00579 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | |
| ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Jammie Ray Dickens Sr., a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. In his amended complaint, Dickens alleges that on one occasion during his incarceration, he was denied the right to free exercise of his religious beliefs. Upon review of the record, the court finds that the action must be summarily dismissed.

Dickens is incarcerated at the Patrick Henry Correctional Unit 28 ("Unit 28"). He alleges that in August of 2013, he was forced to work during the Eid-Al-Fitr, which he identifies as a Muslim Holy Day, in violation of his religious beliefs and prison procedures. Dickens' submissions indicate that his grievance on this matter was deemed founded, and he received an official apology for the error. Dickens sues only the Department of Corrections ("VDOC") and Unit 28, seeking a monetary settlement.

To state a cause of action under § 1983, plaintiff must establish that he has been deprived of rights guaranteed by the United States Constitution or laws and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A complaint filed by an inmate challenging the conduct of an officer or employee of a governmental entity may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. Neitzke v.

Williams, 490 U.S. 319, 327 (1989) (finding that previous version of § 1915 gives judges authority to dismiss a claim based on an indisputably meritless legal theory).

It is well settled that a state and its agencies cannot be sued under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). Because the VDOC and Unit 28 are properly considered as agencies of the Commonwealth of Virginia, neither of these defendants can be sued under § 1983. Because the VDOC and Unit 28 are the only defendants that Dickens names in his complaint, this action must be summarily dismissed without prejudice under § 1915A(b)(1) as legally frivolous. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This ___3rd___ day of January, 2014.

_Glen Conrad_
_____
Chief United States District Judge